FILED'09 DEC 22 12:48USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09-4024-M-CL |
| Plaintiff, | **ORDER** |
| v. | |
| THOMAS W. PHILLIPS, | |
| Defendant. | |

CLARKE, Magistrate Judge:

Defendant Thomas W. Phillips was issued several violation notices arising out of an incident at the entrance fee booth to Crater Lake National Park on July 3, 2009.[1] Having considered all of the testimony and evidence taken at the December 11, 2009, trial, the court finds defendant guilty of the violations charged.

Violation notice number 1731806 charged defendant with interference with agency functions in violation of 36 C.F.R. § 2.32(a)(1), and number 1731810 charged stopping/ parking in undesignated area / obstructing traffic in violation of 36 C.F.R. § 4.13(a). 36 C.F.R.

---

[1] The United States dismissed violation notice number 1731808 charging failure to pay recreation fees in violation of 36 C.F.R. § 2.23(b).

Order - 1

§ 2.32 provides in pertinent part: "(a) The following are prohibited: (1) Interference. Threatening, resisting, intimidating, or intentionally interfering with a government employee or agent engaged in an official duty, or on account of the performance of an official duty. . . . 36 C.F.R. § 4.13 provides in pertinent part that it is prohibited to stop or park a vehicle upon a park road.

  Defendant drove his vehicle to the fee booth. The fee booth operator, Annette Carry, testified that she advised defendant she could not accept a 7-day park pass from another national park and that he would need to pay the $10 entrance fee. Defendant requested document verification. Ms. Carry testified that when she told defendant it would take time to provide proof of the entrance fee, defendant yelled and screamed. She testified that she asked defendant to move his vehicle forward at least three times and that she saw four to five vehicles backed up at the fee booth window behind defendant's vehicle. Ms. Carry testified that she did not know what defendant was capable of and she felt threatened by defendant's behavior. The dispatcher, Officer Cory Wall, whom Ms. Carry contacted, testified that he heard Ms. Carry ask defendant to move his vehicle several times, that she would help him but he needed to move away, but defendant did not comply. He also testified that he could hear a loud man's voice, which increased in volume and sounded angry, aggressive, and hostile. Because of the loud voice he was hearing and defendant's noncompliance with Ms. Carry's request that he move his vehicle, Officer Wall testified he told Ms. Carry to go into "lock down"–to close the fee booth, which Ms. Carry did. Defendant eventually moved his vehicle. Subsequently, Ms. Carry was evacuated from the fee booth by a fire crew which had been asked to make a presence at the scene until law enforcement officers arrived. Defendant admitted in his testimony that he raised his voice while

Ms. Carry was on the telephone, but argued that he was simply asking to speak to a supervisor on the telephone. Defendant also testified that he moved his vehicle after he asked Ms. Carry if he should move.

The court finds there is no reason to disbelieve either Ms. Carry or Officer Wall. Defendant did not move his vehicle from the fee booth entrance despite repeated requests by Ms. Carry to do so while she tried to respond to his request for fee information. Because of defendant's increasingly loud voice which sounded angry and aggressive, the entrance fee booth was shut down and waiting cars were allowed entry into the park. The court finds that defendant violated 36 C.F.R. §§ 2.32(a)(1) and 4.13(a).

Defendant was also given violation notice number 1731807 charging him with violating a lawful order in violation of 36 C.F.R. § 2.32(a)(2). That regulation provides in pertinent part:

> (a) The following are prohibited:
> . . . .
> (2) Lawful order. Violating the lawful order of a government employee or agent authorized to maintain order and control public access and movement during . . . law enforcement actions, . . . , or other activities where the control of public movement and activities is necessary to maintain order and public safety.
> . . . .

Crater Lake law enforcement Officers Pieter Sween and Paul Schauer were dispatched to the entrance booth by Officer Wall. Officer Sween testified that, based upon the aggressive voice heard by Officer Wall and Officer Wall's instructions over the radio, in his experience, defendant may have been unstable and the situation with him was rapidly evolving. Upon arrival at the scene, he saw defendant standing by his vehicle and he appeared calm. Given the unknowns–that defendant could have or reach a weapon that he could not see–Officer Sween exited his vehicle with his shotgun. He charged defendant with his shotgun at the low-ready, yelling "get on the

ground, now." He found defendant's nonresponse to his commands and defendant's picture taking an abnormal response. He yelled the command four to five times and defendant did not comply. He testified that defendant did not get on the ground until he told Officer Schauer to "taze" defendant. Officer Schauer testified that defendant did not appear to be listening to Officer Sween's commands to get on the ground. Officer Schauer found defendant oddly calm in the circumstances. It appears that defendant's defense is that the officers responded with excessive force which he was bewildered by since he was standing calmly by his car waiting for a supervisor when they arrived.

The court finds that Officer Sween's and Officer Schauer's response was appropriate in the circumstances known to them at the time, as reflected in the record. The court does not believe defendant's testimony that he did not understand Officer Sween's repeated commands. While defendant first testified that he did not understand until the officers were close to him and Officer Sween told Officer Schauer to get ready to "taze" him, defendant later admitted on cross-examination that he heard Officer Sween's command to get on the ground. Sheriff Michael Pariani testified that, after defendant's arrest, when he talked with defendant and explained the situation from a law enforcement point of view, defendant agreed that he should have responded. The court finds that defendant violated 36 C.F.R. § 2.32(a)(2).

The court finds no reason to mitigate the penalty fines sought by the Untied States on the violations. It is therefore ordered that defendant is fined in the sum of $250.00 (plus $25.00 processing fee) for interference with agency functions in violation of 36 C.F.R. § 2.32(a)(1); $250.00 (plus $25.00 processing fee) for violating a lawful order in violation of 36 C.F.R. § 2.32(a)(2); and $50.00 (plus $25.00 processing fee) for stopping/parking in undesignated area /

Order - 4

obstructing traffic in violation of 36 C.F.R. § 4.13(a) , for a total of $625.00 in fines and processing fees. Defendant shall also pay a special assessment of $10.00. Defendant shall pay the fines, processing fees, and special assessment to:

Central Violations Bureau
P.O. Box 70939
Charlotte, NC  28272-0939

This Order shall constitute judgment in this case.

IT IS SO ORDERED.

## APPEAL INFORMATION

Should defendant choose to file an appeal of this decision, defendant must file a document stating the case caption (United States of America v. Thomas W. Phillips), and the case number (Case No. 09-4024-M-CL). In this document defendant must state what is being appealed (the conviction or the sentence, or both), and the grounds for appeal. The time in which to file this documents is fourteen (14) days from the date of judgment. The filing fee is $32.00. If defendant is without funds to pay this fee, defendant may file an application, stating defendant's financial status, to waive the fee.

The appeal must be filed at:

James A. Redden United States Courthouse
310 West 6th Street
Medford, OR  97501
1-541-608-8777

Order - 5

DATED this  22  day of December, 2009.

*[signature]*

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Order - 6